E-FILED
Friday, 31 May, 2019 07:55:52 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DAVID W. LINDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-1175-JES |
| | ) | |
| WILLIAM HICKS, | ) | |
| Acting Warden FCI Pekin | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

Now before the Court is Petitioner David W. Linder's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). Linder is incarcerated at the Federal Correctional Institution in Pekin, Illinois. He challenges his potential prison transfer, as well as his placement in administrative segregation. For the reasons below, the Court concludes that the Petition does not survive preliminary review under 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts and it must be summarily dismissed.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petition for a writ of habeas corpus is the proper action "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). "It is well-established that a prisoner who challenges neither the fact nor duration of his confinement but instead challenges the conditions of confinement—such as exclusion from programs and loss of privileges—must do so in an action under 42 U.S.C. § 1983 or another federal statute, not a

petition for habeas corpus." *Williams-Bey v. Buss*, 270 F. App'x 437, 438 (7th Cir. 2008) (collecting cases).

Here, Linder is challenging the Bureau of Prison's (BOP) decision to place him in administrative segregation and its potential decision to transfer him to a different correctional facility. Linder claims that the reasons being used by the BOP to justify his administrative segregation and transfer are "gross, indiscriminate suspicion" and is resulting in prejudice to Linder in his ability to manage his nine or ten active court cases, "innumerable FOIAs and countless related actions." Pet. at 5 (Doc. 1). Unfortunately, the Seventh Circuit has consistently held that neither challenges to placement in administrative segregation nor challenges to prison transfers can be brought in a habeas corpus petition. *See Montgomery v. Anderson*, 262 F.3d 641, 643–44 (7th Cir. 2001) ("[D]isciplinary segregation affects the severity rather than duration of custody."); *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) ("[P]risoners who want to raise a constitutional challenge to …[a] transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all."); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (holding challenges to prison transfers challenge only the inmates "location within the BOP system," and does not amount to a "quantum change in the level of custody"). Moreover, Linder would not likely be successful challenging his administrative segregation under § 1983, as "a prisoner has neither a 'liberty' nor a 'property' interest in remaining in a prison's general population." *Montgomery,* 262 F.3d at 644 (*citing Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293 (1995)).

In the past, courts have construed mistakenly-labeled habeas corpus petitions as civil rights complaints, *see e.g. Graham*, 922 F.2d at 381-82 (collecting cases), however the Seventh

Circuit has made clear that this should not be done anymore. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). This is because, since the enactment of the Prison Litigation Reform Act of 1996 (PLRA), there are unfavorable consequences that can result for Linder if the case is converted to a civil rights action. *Bunn*, 309 F.3d at 1007 (*citing Moore*, 110 F.3d at 23-24). For instance, he "may become subject to the three-strikes rule of the PLRA and somewhat different exhaustion requirements." *Id*. For these reasons, the Court will not re-characterize the instant habeas petition as a civil rights action.

Linder has alternatively asked that if the Court declines to intervene with the transfer, that it order the transfer be expedited. Pet. at 8 (Doc. 1). However, as Linder notes, the BOP will be unable to transfer him unless the Seventh Circuit grants the Motion for Leave to Transfer pending in his habeas corpus appeal, *Linder v. Kallis,* No. 18-2812 (7th Cir.), Document No. 12 (filed May 24, 2019). *See* Fed. R. App. 23(a) ("Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party."). Accordingly, if Linder wants to expedite his transfer, he should direct his request to the Seventh Circuit.

## CONCLUSION

For the reasons stated above, Petitioner David Linder's Petition for Writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is DISMISSED. Petitioner's Motion to Proceed in forma pauperis (Doc. 2) is GRANTED. THIS CASE IS CLOSED.

Petitioner has also requested copies of his filings, as he has no access to copiers in administrative segregation. As a courtesy, the Clerk is DIRECTED to provide copies of Petitioner's two filings (Docs. 1 and 2), along with a copy of this order.

Signed on this 31st day of May 2019.

*s/ James E. Shadid*
James E. Shadid
United States District Judge